# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DANIEL HALL § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00296 |
| § | Judge Mazzant |
| TRANS UNION, INC. AND WELLS § | |
| FARGO HOME MORTGAGE § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Wells Fargo Home Mortgage, a Division of Wells Fargo Bank's Motion to Dismiss (Dkt. #14). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff filed his complaint on November 12, 2018 (Dkt. #1), and his amended complaint on May 8, 2019 (Dkt. #3). Plaintiff alleges violations of the Federal Fair Credit Reporting Act that Plaintiff claims entitles him to "actual, statutory and punitive damages, costs, and attorney's fees" (Dkt. #3 ⁋ 1).

Specifically, Plaintiff claims that as of August 10, 2012, all of Plaintiff's Wells Fargo accounts were paid in full (Dkt. #3 ⁋ 8). But a TransUnion[1] credit report dated December 22, 2016, alerted Plaintiff that his Wells Fargo account was 120 days past due (Dkt. #3 ⁋ 9). Plaintiff claims this is impossible given the zero balance on his Wells Fargo account as of August 10, 2012 (Dkt. #3 ⁋ 10). Plaintiff alleges that he mailed a "detailed and thorough dispute letter to TransUnion," but that Wells Fargo verified the past-due report as accurate, causing TransUnion to continue reporting the inaccurate information at the behest of Wells Fargo (Dkt. #3 ⁋ 11).

---

[1] On September 30, 2019, Plaintiff and Defendant TransUnion filed a Joint Stipulation of Dismissal (Dkt. #44). The Court dismissed all Plaintiff's claims against TransUnion with prejudice on October 2, 2019 (Dkt. #45).

Apparently, Wells Fargo did not provide a good-faith investigation regarding the dispute (Dkt. #3 ¶¶ 15, 36). This inaccurate information, Plaintiff asserts, negatively reflects upon Plaintiff's credit score and credit worthiness (Dkt. #3 ¶¶ 19–20).

On June 17, 2019, Defendant filed its Motion to Dismiss (Dkt. #14). On July 8, 2019, Plaintiff filed his response (Dkt. #28), and Defendant replied on July 15, 2019 (Dkt. #31).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the Complaint, the motion to dismiss, the response, and the reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #14) is hereby **DENIED**.

**SIGNED** this 7th day of January, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE